LOTTIE J. COMPARET, Appellee, v. URBANDALE COAL COMPANY, Appellant.

**APPEAL AND ERROR:** Harmless Error—Nonprejudicial Error. The
1   reception of evidence which the record does not show is prejudicial, and as to which no proper objection was overruled, furnishes no grounds for reversal.

**TRIAL:** Instructions—Subsequent Elaboration Curing Former Omis-
2   sion. Any error by the court in one instruction in omitting to tell the jury that the mere happening of an accident or the mere fail-ure of defendant to stop his vehicle on a certain occasion would not constitute negligence *per se* may be effaced by subsequent elaboration on the general subject of negligence.

**NEGLIGENCE:** Acts Constituting—Speed of Automobile—Instruc-
3   tions. On the issue whether the operator of a motor vehicle had it under control, the court may very properly instruct the jury that it may consider the rate of speed and the attendant circum-stances, even though there is no dispute in the testimony as to the rate of speed.

**NEW TRIAL:** Verdict—Excessiveness—$1,000. Verdict of $1,000 for
4   injury to an automobile and to the person held neither excessive nor the result of passion and prejudice. (See Book of Anno., Vol. 1, Sec. 11550, Anno. 292 *et seq.*)

Headnote 1: 4 C. J. p. 77. Headnote 2: 38 Cyc. p. 1779. Headnote
3: 28 Cyc. p. 49. Headnote 4: 17 C. J. p. 1091.

*Appeal from Polk District Court.*—O. S. FRANKLIN, Judge.

NOVEMBER 17, 1925.

ACTION to recover damages to plaintiff and her automobile, resulting from a collision with defendant's truck. Verdict and judgment for plaintiff, and defendant appeals.—*Affirmed.*

*Walter L. Stewart, George F. Malcolm,* and *N. L. Friedman,* for appellant.

*Winfield W. Scott,* for appellee.

MORLING, J.—The plaintiff stopped her automobile be-

cause of the unloading of passengers from a street car which she was following. The defendant's truck, approaching from the rear, ran into her car, and caused the injuries complained of. Her claim of negligence is that:

"Said truck was being operated in a careless and negligent manner, to wit: That said employee failed to stop said truck before striking plaintiff's car, and that the said truck was not equipped with adequate brakes to keep said truck under control at all times."

The defendant argues four propositions:

I.  A mechanic called to prove the reasonableness of charges for work on plaintiff's car was asked to examine a paper, which is not set out in the abstract, but which evidently was a statement of account, and was asked whether or not the charges as made on it were fair and reasonable charges for such work and material. This was objected to, and the court ruled first that the witness might answer, in so far as he knew, and later that the witness was not shown to have had anything to do with it, and was only asked if he knew about the reasonableness of the charges. The witness answered, "I believe the statement as rendered, if I would have to do the same work over, is fair and reasonable." Defendant's attorney then moved to strike the answer, but stated no grounds for his motion, and his motion was overruled. The witness was then asked:

1. APPEAL AND ERROR: harmless error: nonprejudicial error.

"Would you state, independent of whether you had to do the work yourself, as to whether or not, in your opinion, the statement of the costs as itemized is fair and reasonable? A. Yes, sir. Exhibit A is a reasonable statement for the work done."

Exhibit A was introduced in evidence without objection. It is not set out in the abstract. The record fails to show that any proper objection was overruled, or that the evidence was prejudicial.

II.  The court, in stating to the jury the allegations of the plaintiff's petition, set out the allegation of negligence above referred to. This instruction was excepted to, for the reasons

"that the court nowhere thereafter in its said instructions advised the jury that such complaint did not and would not consist of negligence in itself; and the jury might, from the issues and the subsequent instructions, find that the mere failure of the said alleged defendant employee to stop the said truck would in itself constitute negligence."

2. TRIAL: instructions: subsequent elaboration curing former omission.

In the course of the instructions the court charged, in substance, that the mere fact that an accident occurred, and that the plaintiff was injured, would not in itself be sufficient to show that the defendant was negligent; that the statute provides that every person operating a motor vehicle on the public highways of this state shall drive the same in a careful and prudent manner, and, in the exercise of ordinary care, should have the same under such control as to be able to operate, control, and stop it so as to avoid damage; and that a failure to do so would be negligence. The court further told the jury that the defendant was bound to exercise that degree of care in the operation and control of the truck that an ordinary and prudent person would exercise under ordinary circumstances. The court set out the circumstances which the evidence on both sides tended to prove, bearing on the question of the existence or absence of negligence, and told the jury that they might take them into consideration, and any and all other facts and circumstances disclosed by the evidence showing or tending to show whether or not the defendant exercised ordinary care in having the truck under control at the time of the collision.

Without setting out the instructions in full, we think the jury was not misled by them, and that the exception is not well taken.

III. The defendant assigns error in one of the instructions "for the reason that the court submits to the jury for its consideration the rate of speed at which the truck was traveling as an element of negligence, and there is no evidence in the record of any excessive rate of speed on the part of the defendant's truck, and any question as to the speed of said truck involved in the issues as joined, nor in the evidence as introduced."

3. NEGLIGENCE: acts constituting: speed of automobile: instructions.

The appellant puts a wrong construction upon this instruction. The defendant's driver testified that he was driving slowly, not to exceed ten miles an hour, and he detailed the condition of the street and the circumstances of the accident. These circumstances, including the rate of speed of the truck, were properly thought by defendant to be material to the question of negligence. The court was not in error in telling the jury that these various circumstances that appeared in the evidence, including the rate of speed, might be taken into account in determining whether the truck was under proper control.

IV.   It is assigned as error that the verdict should have been set aside as the result of passion and prejudice, and contrary to the evidence. The verdict was for $1,000. The complaint seems to resolve itself into one that the testimony of the plaintiff was not corroborated, but was contradicted in very material circumstances by disinterested witnesses, and that a verdict for $1,000 could only be the result of passion, prejudice, and sympathy. It is said that, if plaintiff was entitled to recover, she was not entitled to recover $1,000.

4. NEW TRIAL: verdict: excessiveness: $1,000.

Plaintiff testifies to aches; that the doctor said the only thing that could be done for two weeks was to get off her feet and apply hot applications; that she kept hot applications on for almost a week,—was in bed from half past seven or eight in the evening until ten the next day; that she had the pack on probably six or eight hours out of every twenty-four for three weeks; that electric treatment was used every day for a month; that she was still suffering from the injury; that for about six weeks she got two or three hours' sleep per night; that she is never free from pain and ache; that her income averaged $5.00 per day; that her doctors' bills were $35. The doctor said that, after the first couple of months, she was not at the office so often; that he treated her between two and three months; that she is still very sensitive, and he would judge it would be a year or more before she completely recovers. The damage to the automobile is not shown, but is alleged to have been $69.64.

It cannot be said that the verdict was the result of passion or prejudice or contrary to the evidence.

The judgment is—*Affirmed.*

FAVILLE, C. J., and EVANS and ALBERT, JJ., concur.